UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DANIYAR TASHIMBETOV,

Petitioner,

v.

ERNESTO SANTACRUZ JR., et al.,

Respondents.

Case No. 5:26-cv-01683-PD

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Daniyar Tashimbetov ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking release from Respondents' custody at the Desert View Annex in Adelanto, California.  Dkt. No. 1. Petitioner also filed an ex parte application for temporary restraining order ("TRO") with exhibits.  Dkt. No. 3.  The Court has considered the relevant pleadings, including the Petition, Respondents' response thereto, and the argument of counsel at the hearing on April 22, 2026.  Dkt. Nos. 1, 8.

## I.    Background

Petitioner is a citizen and national of Kazakhstan who entered the United States on February 1, 2023, near San Ysidro, California.  Dkt. No. 1, Petition ¶ 33; *see* Dkt. No. 3-1 at 7 (Petitioner's Notice to Appear dated

February 2, 2023).  After entry, he was encountered by Border Patrol and then released on an order of recognizance.  Dkt. No. 1 ¶ 33.  Petitioner's Form I-213, which appears to be part of Petitioner's record with the Department of Homeland Security ("DHS"), states that "[Petitioner] does not appear to be a threat to national security, or public safety, . . . and was referred to ICE/ERO for enrollment in the Alternative to detention program.  Dkt. No. 3-1 at 13. Upon release, Petitioner was enrolled in the Alternative to Detention ("ATD") program and reported his address in Boynton Beach, Florida.  Dkt. No. 1 ¶ 34. On February 21, 2023, Petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal under the Convention Against Torture ("CAT").  *Id.* ¶ 35.

Petitioner alleges that while released, he "complied fully with every condition of his release and participated in removal proceedings without incident."  *Id.* ¶ 36.

On March 1, 2026, Petitioner was detained by security personnel at Fort MacArthur/ Los Angeles Air Force Base in San Pedro, California, who alleged that he attempted to enter the installation without proper authorization.  *Id.* ¶ 37.  Security personnel then contacted Enforcement Removal Operations ("ERO") officers who took Petitioner into immigration custody.  *Id.* ¶ 38. Petitioner's DHS record recounts this information and reflects that Petitioner was self-employed in North Hollywood, California, and his type of employment was listed as "[o]perators, [f]abricators, and [l]aborers".  *See* Dkt. No. 3-1 at 16.  ERO subsequently transported Petitioner to the Desert View Annex, where he remains to this day.  Dkt. No. 1 ¶ 38.

According to Petitioner, he has no criminal record, poses no danger to the community, and has consistently complied with all immigration requirements.  *Id.* ¶ 40.

## II.     Discussion

The Petition states two claims for relief: (1) a violation of substantive due process under the Fifth Amendment; and (2) a violation of procedural due process under the Fifth Amendment.  *See* Dkt. No. 1 at 9.

Regarding the procedural due process claim, Petitioner argues he has a protected liberty interest because Respondents previously released him after determining that he was not a flight risk or danger.  *Id.* ¶ 55.  Therefore, Petitioner argues he should have received a pre-deprivation hearing before being re-detained.  *Id.*

Respondents' Answer states that Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Sant*acruz, No. 5:25-cv-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025) ("*Bautista*").  Consequently, Respondents contend that to the extent Petitioner is entitled to any remedy, it is at most, a bond hearing before an Immigration Judge under 8 U.S.C. § 1226(a).  Dkt. No. 8.  Notably, the Answer does not address the circumstances surrounding Petitioner's arrest by ERO and the allegation by security personnel that he was detained after allegedly attempting to enter Fort MacArthur without authorization.  The Answer also does not contend that this was a changed circumstance which warranted Petitioner's re-detention.  At the hearing, Respondents stated they had no evidence or argument to present about the Fort MacArthur incident and did not argue that it constituted a changed circumstance.

## I.     Procedural Due Process Violation

Courts in this District have found that re-detention, without notice or a pre-deprivation hearing, of a non-citizen who had been released on conditions shortly after their entry into the United States and had complied fully with those conditions, violated procedural due process.  *See Cruz v. Lyons, et al.*, No. 5:25-cv-02879-MCS-MBK (C.D. Cal. Nov. 6, 2025) at Dkt. 12 (granting

3

TRO ordering release of noncitizen who had been paroled into the United States and was re-arrested at appointment with USCIS); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in).  *See also M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2025 WL 3691419, at *5 (C.D. Cal. Dec. 19, 2025) (granting TRO ordering release of noncitizen who had been released on their own recognizance shortly after entering the United States and was re-arrested at ICE check-in).

As in these cases, the Court considers Petitioner's procedural due process claim under the three-part test established in *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976).  The *Matthews* test balances three factors:

> First, the private interest that will be affected by the official action; second the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335.

### 1. Private Interest

Petitioner has a substantial liberty interest in maintaining his settled life out of custody.  Petitioner has resided in the United States for over three years since he was released on conditions around February 1, 2023.

While Petitioner has remained subject to supervision during this time, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated."  *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or

over whose liberty the government wields significant discretion retain a protected interest in their liberty.") (collecting cases).  Petitioner's release included "an implicit promise that parole will be revoked only if he fails to live up to the parole conditions."  *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).  This conditional liberty is "'valuable and must be seen as within the protection of the Fourteenth Amendment.'"  *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

According to Petitioner, he has lived in the United States for over three years while complying with every condition of his release and participating in removal proceedings without incident.  Dkt. No. 1 ¶ 36.  The Court therefore concludes that—consistent with decisions from this District and others—the Due Process Clause protects Petitioner's substantial interest in maintaining his freedom from confinement.  *See Cruz*, No. 5:25-cv-02879, Dkt. 12 at 6; *Yataco*, 2025 WL 4065463, at *1; *C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2025 WL 3059549 at * 10 (E.D. Cal. Nov. 1, 2025) (finding a petitioner had a constitutionally protected liberty interest in "approximately four years on parole"); *Fernandez Lopez v. Wofford*, No. 1:25-cv-01226-KES-SKO, 2025 WL 2959319, at *4 (E.D. Cal. Oct. 17, 2025) (same, with respect to "nearly four years" of parole). *See also Manzanarez v. Bondi*, No. 1:25-cv-01536-DC-CKD, 2025 WL 3247258 at *4 (E.D. Cal. Nov. 20, 2025) (same, with respect to "over two years" on an order of release on recognizance).

### 2.   Risk of Erroneous Deprivation

With respect to the second *Mathews* factor, the Court finds that "[t]here is an unacceptably high risk that the government would erroneously deprive—or already has erroneously deprived—Petitioner of his liberty interest absent a pre-detention hearing."  *Cruz*, No. 5:25-cv-02879, Dkt. 12 at 7.  The "primary" purpose of immigration detention is to ensure a noncitizen's

presence at removal proceedings or for removal, with a "secondary" purpose of preventing danger to the community. *Zadvydas v. Davis,* 533 U.S. 678, 697 (2001). But Petitioner has not been afforded any process to determine whether his detention in fact advances either purpose.

The Petition suggests that Petitioner is not a flight risk or danger. Petitioner's initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Sun v. Santacruz*, No. 5:25-CV-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted). Further, regardless of the statute that authorized his release, Petitioner's release was predicated on the Government's determination that Petitioner did not present a sufficient danger or flight risk requiring his detention. *See* 8 C.F.R. § 236.1(c)(8) (providing that the Government may release a noncitizen under Section 1226 "provided that the alien [] demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding"); 8 C.F.R. § 212.5 (permitting release on parole under Section 1182(d)(5)(A) in limited circumstances, "provided the aliens present neither a security risk nor a risk of absconding"). At the hearing and in their response to the Petition, Respondents did not provide evidence of any changed circumstance since Petitioner's initial release. As Petitioner emphasized in the Petition and during the hearing, nothing in the record indicates that after his release, Petitioner was arrested by law enforcement (other than immigration authorities), was charged with a crime, or was convicted.

Therefore, based on this record, the Court concludes that there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioner in fact presents a danger or flight risk—has resulted in Petitioner's unnecessary detention.

6

### 3.   Government Interest

As to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a predetention hearing." *Cruz*, No. 5:25-cv-02879, Dkt. 12 at 7 (collecting cases). "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]" *Sun*, 2025 WL 2730235, at *6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews,* 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that the Government's lack of constitutionally adequate procedures has resulted in his unnecessary detention, and the Government's interest in refusing to provide such process is minimal. The Court therefore concludes that the Government's re-detention of Petitioner without adequate pre-deprivation process violated due process.

## II.   Conclusion

The Petition is granted in part. Count two of the Petition is granted and the Court orders forthwith release.

As the Petition is granted on count two, Count one, which alleges a substantive due process violation is denied without prejudice.

The Petition also seeks an order enjoining Respondents from re-detaining Petitioner unless his re-detention is ordered at a custody hearing before a neutral arbiter in which the government bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community. Dkt. No. 1 at 10. The Court has concluded that Petitioner should be released based on procedural due process because he was not afforded a pre-deprivation hearing. However, on this record there is no legal or factual basis for ordering specific prospective relief beyond release.

Finally, the Court notes that General Order 26-05 and the standard scheduling order applies to this case. *See* Dkt. No. 6. The standard scheduling order is intended to provide a prompt resolution to habeas petitions and reduce the contemporaneous filing of applications for a temporary restraining order. *Id.* at 5. Applications for temporary restraining orders should be reserved for cases where the petition alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule. *Id.* The application for a temporary restraining order in this action, Dkt. No. 3, does not meet that standard and, in any event, is denied as moot.

8

## III.   Order

For the foregoing reasons, the second claim of the Petition is granted, the first claim is denied without prejudice.

The Court ORDERS Respondents to release Petitioner forthwith under terms and conditions of his release consistent with applicable regulations. Future enforcement actions after release must comply with Due Process and 8 U.S.C. § 1226(a).

IT IS SO ORDERED.

DATE: April 22, 2026

*Patricia Donahue*

_____
Patricia Donahue
United States Magistrate Judge

9